MANNING CURTIS BRADSHAW
& BEDNAR LLC
Jess M. Krannich (Utah Bar No. 14398)
136 East South Temple, Suite 1300
Salt Lake City, UT 84111-1135
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
JKRANNICH@MC2B.COM

DURIE TANGRI LLP
DARALYN J. DURIE (*Pro Hac Vice* pending)
ddurie@durietangri.com
JOSEPH C. GRATZ (*Pro Hac Vice* pending)
jgratz@durietangri.com
ALEX J. FEERST (*Pro Hac Vice* pending)
afeerst@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
AEREO, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMUNITY TELEVISION OF UTAH, LLC d/b/a KSTU FOX 13, KUTV LICENSEE, LLC d/b/a KUTV and KMYU, and FOX BROADCASTING COMPANY,<br><br>                        Plaintiffs,<br><br>    v.<br><br>AEREO, Inc.<br><br>                        Defendant. | **DEFENDANT AEREO, INC.'S MOTION TO TRANSFER AND MEMORANDUM IN SUPPORT**<br><br><br>Civil No. 2:13-cv-00910 DN<br><br><br>Judge David Nuffer |

**STATEMENT OF RELIEF SOUGHT**

Defendant Aereo, Inc. moves pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Southern District of New York, where the Honorable Alison J. Nathan is presiding over three suits between Aereo and various television broadcasters (including Plaintiffs' affiliated entities) concerning the same technology, the same conduct, and the same legal issues. In support of this motion, Aereo respectfully submits declarations from Chaitanya Kanojia and Alex Feerst (with exhibits), and the following memorandum.

## I.    SUMMARY OF ARGUMENT

This case is part of a multi-front war brought by the nation's largest broadcasting companies against a much smaller opponent. In March 2012, the nation's largest broadcasters—including Fox, CBS, NBC, and ABC—sued Aereo in the Southern District of New York in two cases, seeking a preliminary injunction. They lost. The plaintiffs appealed to the Second Circuit, which affirmed. After a CBS executive publicly threatened to sue Aereo in every state in the nation into which it expands, Aereo brought a declaratory judgment action in May 2013 against CBS in New York. This case is also pending before Judge Nathan. Shortly thereafter, in July 2013, another broadcaster, Hearst Corporation (through an ABC affiliate), sued Aereo in the District of Massachusetts, again seeking a preliminary injunction. Again, they lost. Fox Broadcasting Company, KSTU (a Fox affiliate), and KUTV (a CBS affiliate) have now come to this Court, using the same outside counsel as in the New York case, seeking to litigate the same issues for a third time.

The New York court has already invested considerable time mastering the legal, technological, and factual issues presented here. The New York case, like this case, concerns

whether a consumer's use of Aereo's technology to watch and record an individual copy of broadcast television constitutes copyright infringement.  Details such as which specific copyrights are at issue may differ, but the legal issues and underlying material facts presented to the Southern District of New York are virtually identical to those alleged here.

Transferring this case to New York would advance the interests of judicial efficiency by eliminating the need for this Court to plow through the lengthy record and associated legal issues already addressed by another court.  It would make litigation much more efficient for the parties by allowing discovery in this case to be coordinated with discovery in the pending actions.  Transfer is also in the interest of justice.  The judicial system has an interest in ensuring that Aereo wins or loses on the merits.  The broadcasters' strategy of serial litigation around the country puts that interest at risk by threatening to make outcome turn on litigation cost, rather than the merits.  For these reasons, Aereo respectfully requests a transfer of this case to the Southern District of New York.

## II.    FACTUAL BACKGROUND

### A.    Aereo and its Technology.

Aereo is a small start-up company founded in 2010 and based in Long Island City, New York.[1]  Its core technology allows consumers to use a small individual remote antenna and DVR to record and watch their individual copies of local broadcast television on internet-connected devices like laptops, iPhones, and iPads.[2]  Aereo began offering its technology in Utah in August

---

[1] Declaration of Chaitanya Kanojia ("Kanojia Decl.") ¶ 2.

[2] Kanojia Decl. ¶ 3.

2013.[3]  Aereo has some physical facilities in each area it offers its technology, including Utah.[4] But most of the company's employees are located in New York and Boston.[5]  The Aereo technology at issue in this case was developed at those east coast offices.[6]  Aereo makes its strategic, development, engineering, finance, and marketing decisions in New York and Boston; most of the employees and records likely relevant to the issues in this case—from product function to damages—are located there too.[7]

### B.    Plaintiffs are Incorporated and Based Almost Entirely Outside Utah.

Plaintiff Fox Broadcasting Company ("Fox Broadcasting") is a Delaware corporation based in Los Angeles.[8] It is apparently a subsidiary of 21st Century Fox, a Delaware corporation headquartered in New York (apparently the successor to News Corporation, the entity named in plaintiffs' corporate disclosure statement).[9]

Community Television of Utah, LLC ("Fox 13"), which does business as KSTU Fox 13, is a Delaware LLC owned and operated by Local TV, LLC.[10]  Local TV, LLC is also a Delaware LLC.[11]  Contrary to Fox 13's corporate disclosure statement, Local TV LLC apparently has a

---

[3] Complaint ¶ 18; Kanojia Decl. ¶ 5.

[4] Kanojia Decl. ¶ 5.

[5] Kanojia Decl. ¶ 4.

[6] Id.

[7] Id.

[8] Complaint ¶ 15.

[9] Declaration of Alex J. Feerst ("Feerst Decl."), Ex. L at 10, 84, 144; Plaintiffs' Corporate Disclosure Statement, Dkt. 7.

[10] Complaint ¶ 2; Feerst Decl. Ex. M; Plaintiffs' Corporate Disclosure Statement, Dkt. 7.

[11] Feerst Decl., Ex. N.

parent corporation: the Tribune Company, a Delaware corporation headquartered in Chicago and the largest U.S. commercial TV station operator.[12]  Plaintiff Fox 13 is a Fox affiliate.  Local TV, LLC also owns the Fox affiliates in Denver, Fort Collins, Kansas City, St. Louis, Winston-Salem, Cleveland, and Milwaukee.[13]  Tribune also owns the Fox affiliates in Grand Rapids, Harrisburg, Hartford, Indianapolis, Sacramento, San Diego, and Seattle.[14]

KUTV Licensee, LLC, which does business as KUTV and KMYU, is a Nevada LLC based in Maryland.[15]  It is a subsidiary of the Maryland-based Maryland corporation Sinclair Broadcast Group, Inc.[16]

### C.    The New York Cases Concerning Similar Factual and Legal Issues.

In March 2012, seventeen broadcast entities sued Aereo in the Southern District of New York in two actions for copyright infringement.[17]  Those two actions are now consolidated.[18]  The plaintiffs included large media conglomerates and various subsidiaries of them (including Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., NBCUniversal Media, and American Broadcasting Companies, Inc.) and local stations, including Fox affiliates WNYW-TV and WWOR-TV.[19]  The factual allegations were materially the same as in this case.

---

[12] *Id.*, Ex. O.

[13] *Id.*, Ex. P at 12-13.

[14] *Id.*, Ex. O.

[15] *Id.*, Ex. Q.

[16] Complaint ¶ 3; Feerst Decl., Ex. R.

[17] Feerst Decl. ¶ 3, Exs. A and B.

[18] *Id.*, Ex. C.

[19] *Id.*, Exs. A and B.

The broadcasters moved for a preliminary injunction.[20]  Extensive fact and expert discovery ensued.[21]  Aereo produced its entire source code along with hundreds of thousands of pages of technical and schematic documents, custodian emails, member information, and marketing materials.[22]  Aereo gave the broadcasters Aereo memberships, allowed an inspection of Aereo's facility by plaintiffs' expert, and produced an antenna board for expert analysis.[23]  Aereo produced two detailed expert reports on how its technology functions; the plaintiffs deposed both experts.[24]  The plaintiffs proffered their own experts with respect to the Aereo technology.  The broadcasters also deposed many Aereo personnel as fact witnesses, including its Chief Executive Officer, Chief Technology Officer, Principal Antenna Engineer, and Director of Marketing.[25]

After two rounds of briefing, a two-day evidentiary hearing in May 2012, and another round of post-hearing briefing, the court denied plaintiffs' request for a preliminary injunction.[26]  In the fifteen months since the court's denial of a preliminary injunction, discovery has continued unabated.  Aereo provided an updated version of its entire source code and produced its entire member database, including information about how members use the Aereo

---

[20] *Id.*, Exs. A and B.

[21] *Id.* ¶¶ 4-5.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* ¶ 6; Ex. D.

technology.[27]   Aereo granted the broadcasters and their experts another site inspection and

produced two additional complete antenna boards for destructive laboratory testing by plaintiffs'

experts.[28]   Aereo's executives have sat for multiple days of deposition.[29]   Aereo has produced

nearly three-quarters of a million pages of documents.[30]   The discovery disputes have generated

hundreds of pages of briefing.[31]

      After an executive of CBS publicly threatened to sue Aereo in every place it launched its

service, and in order to prevent piecemeal litigation across multiple jurisdictions, Aereo filed for

declaratory judgment in the Southern District of New York against CBS and its licensing

entities.[32]   In that suit, Aereo seeks a determination with respect to all of the broadcasters' rights

under the Copyright Act.[33]   This declaratory judgment action involves the same technology, the

same Aereo witnesses and documents, and the same essential issues that have been the subject of

the two consolidated Southern District of New York actions.   Defendants have moved to dismiss

the case.[34]   That related action is also pending in front of the same Southern District of New

York judge.[35]

---

[27] *Id.* ¶ 6.

[28] *Id.*

[29] *Id.* ¶ 7.

[30] *Id.* ¶ 6.

[31] *Id.* ¶ 8.

[32] *Id.* ¶ 11.

[33] *Id.*

[34] *Id.*

[35] *Id.*

**D.      The Boston Case Against Aereo.**

On April 23, 2013, Aereo publicly announced its plans to launch its technology in

Boston, Massachusetts on May 15, 2013.[36]   Aereo became generally available in Boston on May

30.[37]   On July 9, 2013, Hearst Stations Inc. sued Aereo in the District of Massachusetts.[38]   Hearst

Television, Inc. owns nearly 30 television stations and has CBS, ABC, and NBC affiliates.[39]   On

October 8, 2013, the court denied the plaintiff's motion for a preliminary injunction and Aereo's

motion to transfer the Boston litigation to New York.[40]   The Boston court denied Aereo's

transfer motion, reasoning that: (1) the actions pending in New York were at an advanced stage

and therefore would probably delay litigation or burden Hearst; and (2) because Hearst limited

its suit to local programming only and sued in its capacity as owner of a local station, it was a

"hometown plaintiff."[41]

**E.      Location of Witnesses and Evidence.**

Plaintiffs' irreparable harm theory in the New York and Boston cases rests in part on the

claim that it may not be possible to measure viewership through the Aereo technology.  Without

knowledge of who is viewing, they assert, their negotiating position is undermined and they lose

advertising revenue. And the broadcasters contend that entities such as the Nielsen Company and

the Coalition for Innovative Media Measurement ("CIMM") do not and perhaps cannot measure

---

[36] *Id.*, Ex. S.

[37] *Id.*, Ex. I ¶ 15.

[38] *Id.* ¶ 12; Ex. I.

[39] *Id.*, Ex. W.

[40] *Id.* ¶ 14; Ex. J.

[41] *Id.*, Ex. J at 6-7.

Aereo viewership.[42]  As a result, the parties are taking discovery into how companies such as

Nielsen in fact plan to gather data from services like Aereo and incorporate that information into

their ratings numbers, a process apparently underway.[43]  This evidence is central to Aereo's

response to plaintiffs' damages and irreparable harm theories.  Aereo has issued a deposition

subpoena for the Nielsen Company on this topic; Nielsen is located in New York.[44]  Aereo has

also noticed a deposition for CIMM on this topic; CIMM is also located in New York.[45]  These

non-party witnesses can be compelled to attend a trial in New York but not one in Utah.

## III.   ARGUMENT

### A.   Legal Standard.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have

consented."  The Court has broad discretion to transfer this case to any such forum according to

an "individualized, case-by-case consideration of convenience and fairness."[46]  The question of

"whether to dismiss or transfer an action filed in an improper venue is within the district court's

sound discretion."[47]

---

[42] *Id.*, Ex. D at 39-40.

[43] *Id.* ¶ 10, Ex. V at 9-11.

[44] *Id.* ¶ 10.

[45] *Id.*

[46] *Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)* (quoting *Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)*) (internal quotations omitted).

[47] *Ballesteros v. Ashcroft, 452 F.3d 1153, 1160 (10th Cir. 2006)* (quotations and citation omitted).

**B.      This Action Could Have Been Brought in the Southern District of New York.**

"Civil actions, suits, or proceedings arising under any Act of Congress relating to

copyrights … may be instituted in the district in which the defendant or his agent resides or may

be found."[48]   Aereo has its headquarters is in the Southern District of New York and is therefore

subject to personal jurisdiction there.  This satisfies the threshold requirement for transfer under

28 U.S.C. Section 1404(a).

**C.      Transfer to the Southern District of New York Would Further the
           Convenience of the Parties and the Interest of Justice.**

The court considers a number of factors in ruling on a motion to transfer:  (1) the

plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including

the availability of compulsory process to insure the attendance of witnesses; (3) the cost of

making the necessary proof; (4) the enforceability of a judgment if one is obtained; (5) relative

advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7)

the possibility of the existence of questions arising in the area of conflict of laws; (8) the

advantage of having a local court determine questions of local law; and (9) all other

considerations of a practical nature that make a trial easy, expeditious and economical.[49]  As

discussed below, these factors favor transfer in this case.

**1.      Plaintiff's choice of forum is not dispositive**

Plaintiffs' decision to bring this action in Utah is generally entitled to some deference,

---

[48] 28 U.S.C. § 1400 (a).

[49] *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation omitted).

but that deference is lessened "where plaintiff does not reside in the forum."[50]  Fox 13 is a Delaware LLC owned by a Delaware corporation headquartered in Chicago.  Fox Broadcasting is a Delaware company based in Los Angeles that is the wholly-owned subsidiary of another Delaware company based, like Aereo, in New York.  KUTV is a Maryland-based Nevada LLC owned by a Maryland-based Maryland corporation, Sinclair Broadcast Group, Inc.[51]  None of the parties is incorporated in Utah and only Fox 13 (held by a series of entities based elsewhere) appears to be based there.  KSTU and KUTV, the two putatively local plaintiffs, are owned by media conglomerates incorporated and based outside Utah.  As a result, Plaintiffs' choice of forum does not receive the deference afforded plaintiffs litigating at home.[52]

In evaluating this factor, the Court should also consider whether plaintiffs have engaged in strategic forum shopping.[53]  Plaintiffs ask this Court to impose an injunction that would be operative everywhere except in the Second Circuit.  But, the New York court already rejected an injunction request by plaintiffs that was not circumscribed geographically.  Meanwhile, the New York court is evaluating the propriety of a nationwide injunction (in the declaratory relief case brought by Aereo) clarifying that use of Aereo's technology is not infringement. Further, Hearst

---

[50] _Schecher v. Purdue Pharma L.P._, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004) (transferring antitrust case to a forum where a patent case on related facts was pending).

[51] Feerst Decl. Exs. Q and R; Complaint ¶ 14.

[52] _See Waldmer v. SET Solutions, Inc._, No. 05-2098-JAR, 2006 WL 314346, at *3 (D. Kan. Feb. 3, 2006) (giving diminished weight to plaintiff's choice of forum where several plaintiffs resided out of state and granting motion to transfer).

[53] _See Hall-Kimbrell Envt'l Servs., Inc. v. Archdiocese of Detroit_, 878 F. Supp. 1409, 1416 (D. Kan. 1995) (granting motion to transfer where plaintiff previously "commence[d] a virtually identical action against [the defendant] and is currently defending a similar action in [another forum]," and where plaintiff "has engaged in a strategic plan something akin to forum shopping").

sought a nationwide injunction against Aereo in the District of Massachusetts and the court has already denied it.  That order is now pending appeal to the First Circuit.  Plaintiffs' request in this case for an injunction that would cover territory in the First Circuit threatens to remotely reverse the decision of the Boston court.  Worse, it sets this Court on a potential collision course with the First Circuit.  The broadcasters' attempt to litigate these issues again in a different court, having already lost preliminary injunction fights in both New York and Boston, is forum shopping.  Such efforts should be rejected by the Court.

### 2. Many witnesses are in New York and Boston, lowering the cost of necessary proof in New York

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[54]  Aereo is headquartered in the Southern District of New York.[55]  Aereo is not aware of any Aereo witnesses located in Utah, as evident from discovery taken by plaintiffs in the New York cases.[56]  Important non-party witnesses are also located in New York, beyond the subpoena power of this court. For example, in both the Boston and New York cases plaintiffs' irreparable harm theory relies on the presumed inability of ratings companies like Nielsen to adequately measure Aereo's users.[57]  This is a subject of discovery in the New York case.[58]  Both Nielsen and CIMM are based in New York.[59]  Where, as here, many relevant witnesses are located

---

[54] *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (transferring case where the majority of defendant's expected witnesses lived out of state).

[55] Kanojia Decl. ¶ 2.

[56] *Id.* ¶¶ 4-6.

[57] Feerst Decl., Ex. D at 39-40, Ex. J. at 18-19.

[58] *Id.* ¶ 10.

[59] *Id.*

outside this district, and in the transferee forum, this factor counsels in favor of transfer.[60]

Aereo has only limited technological facilities in Utah and stores few records there.[61] Aereo's technology was developed in Boston and New York.[62]  Aereo maintains its records regarding its technology, structure, and operation, as well as financial information, in New York and Boston.[63]  The relevant documents and materials expected to be produced in this litigation are in New York and Boston.[64]  Aereo anticipates that Chet Kanojia, Chief Executive Officer; and Joseph Lipowski, Chief Technology Officer, will be witnesses in this case.[65]  Both live on the east coast.[66]  These witnesses will have to travel across the country to testify if the case is not transferred, making Aereo's cost of necessary proof greater in Utah.

### 3.    The enforceability of any judgment issued

The enforceability factor favors transfer to the jurisdiction where the defendant resides.[67] This factor therefore favors transfer to New York, where Aereo is based.  So, too, does the

---

[60] *See Star Stone Quarries, Inc. v. Garland*, 300 F. Supp. 2d 1177, 1182 (D. Utah 2003) (transferring case from Utah to Georgia where "only two or three of the witnesses appear[ed] to be Utah residents."); *Rozzetti v. Tucker,* No. 2:00-cv-395K, 2000 WL 33710840 (D. Utah Nov. 22, 2000) (granting transfer, noting that where the 100 mile limitation on subpoena issuance "prevents one district court from hailing vital witnesses to testify at trial, a motion to transfer should be granted if that will cure the deficiency.").

[61] Kanojia Decl. ¶¶ 4-5.

[62] *Id.* ¶ 4.

[63] *Id.*

[64] *Id.*

[65] *Id.* ¶ 6.

[66] *Id.*

[67] *See T. Dorfman, Inc. v. Melaleuca, Inc.*, No. 2:10-CV-01213-DB, 2012 WL 919109, at *3 (D. Utah March 16, 2012) (granting transfer and noting that "enforceability favors [the other forum] as that is where defendants reside.").

completeness of the relief that can be afforded.  The New York court can evaluate Aereo's conduct on a nationwide basis.  Plaintiffs ask this Court to exempt from its scrutiny Aereo's conduct in the Second Circuit, guaranteeing piecemeal, and more expensive, litigation.

### 4.    Relative advantages and obstacles to a fair trial

Transfer to New York would eliminate "potential obstacles covering compulsory attendance of witnesses, and other evidence outside the control of the parties," as explained above.[68]  Moreover, overwhelming litigation costs are an obstacle to a fair trial, particularly when they put an ultimate decision on the merits at risk.  Aereo is a recent startup; it confronts an array of large and well-funded litigation adversaries.  Particularly in this circumstance, the cost of seriatim and geographically dispersed litigation is a compelling consideration in favor of transfer.

### 5.    Difficulties that may arise from congested dockets

Statistics relevant to docket congestion include "median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[69]  As of June 2013, median time from filing to disposition for civil cases in Utah is 11 months; in Southern District of New York it is 8.3.[70]  Median time from filing to trial for civil cases in Utah is 38 months; in Southern District of New York it is 26.6.[71]  The number of pending cases per judge in Utah was 456 and average weighted filings was 507; in Southern

---

[68] *Quarries,* 300 F. Supp. 2d at 1182-83.

[69] *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010).

[70] Feerst Decl., Exs. T and U.

[71] *Id.*

District of New York the corresponding figures are 333 pending cases per judge and 469

weighted filings.[72]  All of the above figures suggest that the Southern District of New York

docket is less congested that the docket in the District of Utah.  It is also significant that the serial

litigation of the issues presented here would unnecessarily congest the dockets of multiple

districts, undermining the policies reflected in this factor.

### 6.    Potential conflict of laws and the advantage of having a local court determine questions of local law

The law at issue here is federal copyright law, making conflict of law and local law issues

irrelevant.[73]  The merits are also not "unique to [the] particular locale."[74]  In the Massachusetts

case, the court found that plaintiff's "decision to limit the scope of the suit … to local

programming" weighed in favor of keeping the suit local.[75]  Here, however, plaintiffs declined to

so limit themselves.[76]  Because Plaintiffs have sued on a mix of local and national programming

(some of which is also at issue in other suits against Aereo), and the law at issue is federal, not

state law, the merits of this case are not unique to the locale, making this factor neutral.[77]

---

[72] *Id.*

[73] *See Data Locker, Inc. v. Apricorn, Inc.*, No. 12-2630-JTM, 2013 WL 3388900, at *3 (D. Kans. July 8, 2013)  (finding that "[b]ecause federal patent law governs this action, there is neither the possibility of a conflict of laws nor a question of local law requiring this action to be adjudicated by a local court.").

[74] *See PLX Technology, Inc. v. Knuettel*, No. 11-cv-03256-DME-KMT, 2012 WL 1813291, at *3 (D. Colo. May 17, 2012)  (finding in a patent case that this factor "does not cut either way."); *c.f., Bailey v. Union Pacific R. Co.*, 364 F. Supp. 2d 1227, 1233 (D. Colo. 2005)  (granting transfer of an employee's negligence case against employer to a district where defendant had a substantial number of employees).

[75] Feerst Decl., Ex. J at 7.

[76] Complaint, Ex. A (listing nationally broadcast Fox Broadcasting shows such as "Axe Cop," High School USA!" "MasterChef" and "FOX College Saturday").

[77] *Id.*

### 7. All other considerations of a practical nature that make a trial easy, expeditious and economical

This case is at heart a re-run of the Southern District of New York litigation. The presence of "a related case in the transferee forum is a powerful reason to grant a change of venue."[78] That is true for reasons having to do with both the courts and the parties. The New York court has preexisting familiarity with the issues in the case, and transferring the case would eliminate the need for this Court to duplicate work already done in New York. Transferring the case to New York would also create substantial efficiencies for the parties.[79]

In declining to transfer the Boston case to New York, Judge Gorton noted that because the New York cases are "quite advanced," transfer there would delay litigation.[80] That delay would only result if the cases were consolidated, rather than merely proceeding in front of the same judge. And, while the two cases filed against Aereo on March 1, 2012 are at an advanced stage, the declaratory judgment action in front of the same judge was filed only a few months

---

[78] *See Hitachi, Ltd. v. EMC Corp.*, No. CIV-02-504-M, 2002 WL 31098613 (W.D. Ok. July 15, 2002) (internal quotation omitted) (transferring patent infringement case to a district with "a previously filed patent case that involves the same […] technology, the same competing products in the same product markets, and essentially the same parties."); *Accessible Technologies, Inc. v. Vortech Engineering, Inc.*, No. 99-2165 JWL, 1999 WL 588218, at *3 (D. Kan. July 16, 1999) (finding transfer "will provide for a more efficient and equitable administration of justice than could be had in simultaneous litigation in two separate districts on issues that are so closely related."). *See also Nature's Way Products, Inc. v. Zila Nutraceuticals, Inc.*, No. 2:06cv00667, 2006 WL 2883205, at *3 (D. Utah Oct. 5, 2006) (transferring case to Arizona on grounds of "judicial efficiency" where earlier-filed case involved sales of similar products; *see also Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004).

[79] *Dorfman*, 2012 WL 919109, at *3 (finding that the expense general practicality factor favors the district where "defendants, witnesses, and the records regarding defendants' business activities, contacts, organizations, and other facts relevant to this case are located.").

[80] Feerst Decl., Ex. J.

ago and is still in its infancy.[81]  This case could be coordinated with the declaratory judgment action for pretrial proceedings, avoiding the duplication of discovery.

Each new case broadcast companies and their affiliates file in another jurisdiction makes the case for transfer more compelling.  Each new case increases the burden of duplicative work on the defendant and on courts, intensifies the risk of disparate findings on similar factual and legal issues, and encourages plaintiffs to seek out yet more forums for the same grievance. Allowing this case to proceed would waste judicial resources by retreading the same issues, lead to the risk of inconsistent results on virtually identical facts, and prejudice Aereo.

## IV.    CONCLUSION

This case is the third shot at Aereo.  At some point, the interests of efficiency and justice outweigh the plaintiffs' choice of forum.  The television networks have affiliates in every circuit—but that does not entitle them to twelve swings at a preliminary injunction on the same facts and law.  Aereo should not be forced to litigate the same issues in jurisdictions across the country against the coordinated efforts of the entire broadcast industry.  For the reasons stated above, Aereo respectfully requests the Court transfer this action to the Southern District of New York.

Dated:  October 22, 2013                              RESPECTFULLY SUBMITTED,


                                                      By: /s/ Jess M. Krannich

                                                      Attorneys for Defendant
                                                      AEREO, INC.

---

[81] Feerst Decl. ¶ 11.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT AEREO INCORPORATED'S MOTION TO TRANSFER AND MEMORANDUM IN SUPPORT** to be served in the method indicated below to the below-named parties this 22nd day of October, 2013.

___HAND DELIVERY  
___U.S. MAIL  
___OVERNIGHT MAIL  
___FAX TRANSMISSION  
___E-MAIL TRANSMISSION  
_x_CM/ECF

Brent O. Hatch  
Shaunda L. McNeill  
HATCH, JAMES & DODGE, P.C.  
10 West Broadway, Suite 400  
Salt Lake City, Utah 84101  
Telephone: (801) 363-6363  
Facsimile: (801) 363-6666  
bhatch@hjdlaw.com  
smcneill@hjdlaw.com

Richard L. Stone  
Julie A. Shepard  
Amy M. Gallegos  
JENNER & BLOCK LLP  
633 West 5th Street, Suite 3600  
Los Angeles, CA 90071  
Telephone: (213) 239-5100  
Facsimile: (213) 239-5199  
rstone@jenner.com  
jshepard@jenner.com  
agallegos@jenner.com

/s/ Jess M. Krannich

## <u>LIST OF EXHIBITS</u>

Declaration of Chaitanya Kanojia

Declaration of Alex J. Feerst with Exhibits