Jess M. Krannich (Utah Bar No. 14398)
MANNING CURTIS BRADSHAW & BEDNAR LLC
136 East South Temple, Suite 1300
        Salt Lake City, UT 84111
Telephone:      (801) 363-5678
Facsimile:      (801) 364-5678
jkrannich@mc2b.com

Daralyn J. Durie (*Pro Hac Vice*)
Joseph C. Gratz (*Pro Hac Vice*)
Alex J. Feerst (*Pro Hac Vice*)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:      415-362-6666
Facsimile:      415-236-6300
ddurie@durietangri.com
jgratz@durietangri.com
afeerst@durietangri.com

*Attorneys for Defendant*
AEREO, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMUNITY TELEVISION OF UTAH, LLC d/b/a KSTU FOX 13, KUTV LICENSEE, LLC d/b/a KUTV and KMYU, and FOX BROADCASTING COMPANY,<br><br>        Plaintiffs,<br><br>  v.<br><br>AEREO, Inc.<br><br>        Defendant. | **DEFENDANT AEREO, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER**<br><br><br>Civil No. 2:13-cv-00910<br><br>Judge David Nuffer |

## I.    INTRODUCTION

New York is the most efficient venue for this case.  The New York court has already devoted countless hours to virtually identical legal and factual issues, overseen the complex discovery process, and is currently presiding over one case still at an early stage, with which this case could be coordinated.  Many party and key non-party witnesses are located in New York as well.  Plaintiffs' principal objection to New York is not that it would be less efficient to litigate the case in New York, but that Plaintiffs want to avoid any forum in which they have already lost the merits of their claim.

The interests of justice also favor transfer.  Aereo, a small technology start-up, faces a slew of related cases.  Indeed, two days after Aereo filed this motion to transfer, it was hit with another virtually identical case in this district.  Transfer to the Southern District of New York will ensure that Aereo can continue to defend itself on the merits, such that those merits, and not litigation costs, will determine the outcome of this dispute.

## II.    ARGUMENT

Plaintiffs cannot dispute the basic facts favoring transfer.  The New York court has dealt at length with the law, facts, and technology in question, as well as attendant discovery and management issues.  Aereo's witnesses, many non-party witnesses, and even some of plaintiffs' witnesses are located on the East Coast, and several of the witnesses are in New York.

### A.       Transfer Would Promote Convenience

Plaintiffs do not dispute that Aereo is located in New York, has no employees in Utah, and has no likely witnesses in Utah.  Plaintiffs make much of the fact that Aereo's former marketing director, who was deposed in the New York case, apparently no longer lives in New York.[1]  That is because she no longer works for Aereo.[2]  The individual now performing the same job function is located in New York, and Aereo's marketing department is located in New York.[3]  Any Aereo witness on marketing topics would be based in Aereo's New York headquarters.[4]

Plaintiffs concede that some of their expected witnesses live outside Utah.  Fox is based in California and its likely witnesses reside there.[5]  KUTV and KSTU are owned by companies based elsewhere.  As a result, some of their witnesses will reside outside Utah, including executives of all three plaintiffs, each of whom have commented publicly about Aereo.

On an August 8, 2013 call, the Chief Operating Officer of New York-based Twenty-First Century Fox (which owns plaintiff Fox Broadcasting Company) told analysts that "***Aereo and other like efforts will not impact our business in the near-term***[.]"[6]  He noted that while he

---

[1] Plaintiffs' Opposition to Defendant's Motion to Transfer at 16, ECF No. 43 ("Plaintiffs' Opposition to Transfer").

[2] Declaration of Chaitanya Kanojia in Support of Aereo's Reply ("Kanojia Decl") ¶ 6.

[3] *Id*.

[4] *Id*.

[5] Plaintiffs' Opposition to Transfer at 5, ECF No. 43.

[6] Exhibit 7 to Declaration of Joseph C. Gratz in Support of Opposition to Motion for Preliminary Injunction at 11, *Nexstar Broadcasting, Inc. v. Aereo, Inc*., Civil No. 2:13-cv-975-BSJ (D. Utah Nov. 12, 2013), ECF No. 27-8 (emphasis added); Plaintiffs' Amended Corporate Disclosure Statement, ECF No. 47.

would prefer to litigate Aereo out of business, if that strategy is unsuccessful, Fox "will pursue business solutions longer-term."[7] He also spoke of the benefits that could ultimately accrue to his company if Aereo prevailed in court: "***While business solutions are not a preference, it is interesting to note that many of those business solutions could materially increase the profitability and value of our business***."[8]

During a November 6, 2013 call with analysts, the President and Chief Executive Officer of Maryland-based Sinclair Broadcast Group, Inc., the publicly traded company that owns KUTV Licensee, LLC, responded to a question by stating: "Aereo is what it is.  And we've said this in the past that if Aereo were a real business, I'm not here to tell you that it is or isn't at this point in time, but if it were a real business, there are no barriers to entry in that business.  And I said this a year or 2 ago, ***that if we decided—the local broadcaster decided they wanted to go into that business, then we would.  And we can do it probably cheaper than they can.***  So and we do it in conjunction probably with the networks and as an industry."[9]  He expressed a similar view in an April 11, 2013 call: "If it turns out that it was a $10 billion business, my guess is, the entire broadcast industry tomorrow will wake up and say, 'Well, we'll just go and do that, too.' ***So I have, frankly, no concern about Aereo, whatsoever.***"[10]

---

[7] *Id*.

[8] *Id*. (emphasis added).

[9] Exhibit 3 to Declaration of Joseph C. Gratz in Support of Opposition to Motion for Preliminary Injunction at 11, *Nexstar Broadcasting, Inc. v. Aereo, Inc*., Civil No. 2:13-cv-975-BSJ (D. Utah Nov. 12, 2013), ECF No. 27-4 (emphasis added).

[10] Exhibit 4 to Declaration of Joseph C. Gratz in Support of Opposition to Motion for Preliminary Injunction at 5, *Nexstar Broadcasting, Inc. v. Aereo, Inc.*, Civil No. 2:13-cv-975-BSJ (D. Utah Nov. 12, 2013), ECF No. 27-5 (emphasis added).

Plaintiffs plan to offer testimony from Station Managers Tim Ermish and Kent Crawford about topics including, in view of the consumer's right to use an antenna to access over the air, "the harms Aereo will cause to their abilities to negotiate retransmission consent agreements."[11] Any such testimony must be weighed against highly material testimony concerning harm from the executives quoted above, all of whom live on the East Coast and one of whom appears to live in the New York area.[12]

### B.  The Interests of Justice Favor Transfer

Plaintiffs have candidly admitted their reason for filing one follow-on case in Boston and two in Utah:  They want to relitigate the outcome reached in New York.  After losing their request for a preliminary injunction in New York, which was affirmed on appeal, and losing again in Boston, Plaintiffs intend to keep refiling the same case in other jurisdictions in hopes that they can get a judge to issue a result more to their liking.  Here, the filing of lawsuits does not merely risk inconsistent rulings—it is designed to achieve them.  Aereo will of course work to comply with any judgment issued by this Court.  But Plaintiffs' strategy of nationwide litigation to avoid decisions of other courts increases the complexity of compliance and the risk of inconsistent obligations.[13]

Finally, Plaintiffs accuse Aereo of forum shopping by establishing its business in New York. This "blame the defendant" theory has it backwards:  Business reality is supposed to drive the

---

[11] Plaintiffs' Opposition to Transfer at 15, ECF No. 43.

[12] _Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc._, 618 F.3d 1153, 1169 (10th Cir. 2010) (noting that the materiality of prospective witness' testimony, not merely the number, "will determine the extent to which their convenience will be weighed.") (citation omitted).

[13] Plaintiffs' Opposition to Transfer at 4, ECF No. 43.

selection of a forum for disputes that arise from that business.  The broadcaster plaintiffs are the ones who have now filed five cases, including two in Utah, against the same company on similar legal theories and facts in an effort to avoid a forum that is not to their liking.[14]

## III.   CONCLUSION

The filing of case after duplicative case does not advance the interests of justice. Transferring this case will lessen the burden on the parties and the Court.  And it will prevent the plaintiffs from using the Courts for a war of attrition rather than pursuit of a merits-based outcome. For the foregoing reasons, Aereo respectfully requests that the Court grant its motion to transfer this action to the Southern District of New York.

Dated:  November 25, 2013                      RESPECTFULLY SUBMITTED,


By: /s/ Jess M. Krannich_____

Attorneys for Defendant
AEREO, INC.

---

[14] *See Hall-Kimbrell Envtl. Servs., Inc. v. Archdiocese of Detroit*, 878 F. Supp. 1409, 1416 (D. Kan. 1995) (granting motion to transfer where plaintiff had engaged in strategic behavior akin to forum shopping.).

## <u>CERTIFICATE OF SERVICE</u>

I, Jess M. Krannich, hereby certify that on November 25, 2013, I filed the foregoing

document with the Court via the Court's CM/ECF system, which will send notification of such

filing(s) to Plaintiffs' counsel of record listed below; that the document was served on the

following counsel as indicated; and that the document is available for viewing and downloading

from CM/ECF.

> Brent O. Hatch
> Shaunda L. McNeill
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
> Telephone: (801) 363-6363
> Facsimile: (801) 363-6666
> bhatch@hjdlaw.com
> smcneill@hjdlaw.com
>
> Richard L. Stone
> Julie A. Shepard
> Amy M. Gallegos
> JENNER & BLOCK LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, CA 90071
> Telephone: (213) 239-5100
> Facsimile: (213) 239-5199
> rstone@jenner.com
> jshepard@jenner.com
> agallegos@jenner.com
>
> *Attorneys for Plaintiffs,*
> *Community Television of Utah, LLC d/b/a KSTU FOX 13,*
> *KUTV Licensee, LLC d/b/a KMYU and KUTV, and*
> *Fox Broadcasting Company*

                                        /s/ Jess M. Krannich
                            _____