Jess M. Krannich (Utah Bar No. 14398)
MANNING CURTIS BRADSHAW & BEDNAR LLC
136 East South Temple, Suite 1300
Salt Lake City, UT 84111-1135
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
jkrannich@mc2b.com

Daralyn J. Durie (*Pro Hac Vice*)
Joseph C. Gratz (*Pro Hac Vice*)
Alex J. Feerst (*Pro Hac Vice*)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:     415-362-6666
Facsimile:     415-236-6300
ddurie@durietangri.com
jgratz@durietangri.com
afeerst@durietangri.com

*Attorneys for Defendant*
AEREO, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMUNITY TELEVISION OF UTAH, LLC d/b/a KSTU FOX 13, KUTV LICENSEE, LLC d/b/a KUTV and KMYU, FOX BROADCASTING COMPANY, and NEXSTAR BROADCASTING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AEREO, Inc.<br><br>Defendant. | **DEFENDANT AEREO, INC.'S EMERGENCY MOTION TO STAY ENTRY OF PRELIMINARY INJUNCTION PENDING APPEAL**<br><br>Civil No. 2:13-cv-00910 DAK [Consolidated With Civil No. 2:13-cv-00975 DAK]<br><br>District Judge Dale A. Kimball |

**STATEMENT OF RELIEF SOUGHT**

Defendant Aereo, Inc. respectfully moves pursuant to Federal Rule of Civil Procedure 62(c), on an emergency basis, to stay the entry of a preliminary injunction pursuant to its Order of February 19, 2014 (D.I. 87), pending Aereo's appeal to the United States Court of Appeals for the Tenth Circuit.  In the alternative, Aereo requests that the Court stay the entry of the injunction for fourteen days, to permit the Tenth Circuit sufficient time to rule on an emergency motion to stay.  Plaintiffs have indicated that they oppose the requested relief.

**I.       INTRODUCTION AND PROCEDURAL BACKGROUND**

On February 19, 2014 this Court entered an order granting Plaintiffs' request for a preliminary injunction and indicating that the Court would enter an order enjoining Aereo upon the submission of a revised proposed order from Plaintiffs.  Aereo filed a Notice of Appeal of the Court's February 19, 2014 Order the same day.

A preliminary injunction would cause great and permanent harm to Aereo and to thousands of members of the public as soon as it takes effect.  An injunction will cause great confusion in the minds of the general public on the basic legality of using a remote antenna to access free-to-air broadcast content and to make a personal copy of that broadcast content on their remotely located DVR, even in jurisdictions where the courts have explicitly endorsed Aereo's legality.  Consumers in this district who have signed up for Aereo, paid fees, and purchased devices (such as iPads) will be significantly harmed if they can no longer access over-the-air broadcast television with an Aereo antenna and DVR.[1]

The harm to Aereo is also grave.  Aereo made significant investments in reliance on

---

[1] Indeed, the broadcasters have been granted valuable public spectrum in exchange for their obligation to use that spectrum for the public interest and convenience.  *See* Communications Act of 1934, ch. 652, §§ 301, 309(b)(1), 48 Stat. 1064, 1081, 1085.

decisions of the only appellate courts to have considered the proper interpretation of the transmit clause. That law is not binding on this Court, but Aereo's compliance with that law demonstrates its good faith. An injunction, even if only of a few days' duration pending action from the Tenth Circuit, would disrupt Aereo's operations, threaten its contractual relationships, and vitiate the substantial investments it made in the launch of its technology in the Tenth Circuit. Further, the plaintiffs' repeated public statements that they are not harmed by Aereo severely undermine any basis for this extraordinary action by the Court, particularly when the Supreme Court will address these very issues in a matter of a few months.

## II. ARGUMENT

### A. Standard for a Stay Pending Appeal.

This Court has indicated that it will enter a preliminary injunction enjoining Aereo from permitting its users in the Tenth Circuit from accessing over-the-air programming in which the Plaintiffs own copyrights. Rule 62(c) of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction." The purpose of a stay is to preserve the status quo pending appellate determination. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996).

When considering a stay pending appeal, a four-part test similar to the test governing preliminary injunctions applies: (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001); *Summum v. Pleasant Grove City*, No. 2:05-cv-0638, 2006 WL 1794770, *1 (D. Utah June 27, 2006). These familiar equitable factors cannot be reduced to a "set of rigid rules," but rather necessitate "individualized judgments in each case." *Hilton v. Braunskill*, 481

2

U.S. 770, 777 (1987).

> B. Because this Case Turns on a Difficult Legal Question, the Status Quo Should Be Maintained.

The Supreme Court has taken up the issue central to this case: whether Aereo engages in "public performance" of television programs when Aereo users record and play back individual copies of those programs using Aereo's equipment. That legal question is the basis for Plaintiffs' preliminary injunction motions.[2] The fact that a contested legal issue that the Supreme Court has deemed worth deciding is at the center of this case makes a stay of the preliminary injunction appropriate under this factor, because the dispute has "raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation . . . ." *McClendon*, 79 F.3d at 1020. That requirement may be satisfied if the legal question is one of first impression. *Pan Am Flight 73 Liaison Group v. Dave*, No. 10-mc-0077, 2010 U.S. Dist. LEXIS 68245, at *12 (D.D.C. July 9, 2010). "To find that plaintiffs have a strong likelihood of success on appeal, the Court need not harbor serious doubts concerning the correctness of its decision. Otherwise, relief under rule 62(c) would rarely be granted. What is fairly contemplated is that tribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Peck v. Upshur Cnty. Bd. of Educ.*, 941 F. Supp. 1478, 1481 (N.D. W. Va. 1996). Here, courts in the First and Second Circuits have ruled in Aereo's favor. The Second Circuit Court of Appeals considered this case twice and rules each time in Aereo's favor, with an *en banc* vote of 10 to 2 in favor of Aereo. The fact that the Supreme Court has taken up

---

[2] *See* ECF No. 5 at 8 (*Fox* plaintiffs' motion for preliminary injunction on the ground that "Aereo is violating Plaintiffs' exclusive right to perform their copyrighted works publicly"); ECF No. 66 at 9 ("Nexstar's likelihood of success turns on whether Aereo's broadcast retransmission service makes public performances, as defined by the Transmit Clause.").

this case itself demonstrates the significance of the legal issue and weighs heavily in favor of staying the preliminary injunction.

### C. The Preliminary Injunction Would Harm Both Aereo and the Public Interest

The injunction would adversely affect thousands of consumers. In addition to Salt Lake City, it would affect consumers already using Aereo in Denver market, which includes Wyoming, as well as parts of Nebraska (which is outside this circuit but part of the Denver market).

The damage to Aereo itself would be tremendous. Aereo will continue to pay for its fixed costs. Additionally, Aereo has spent significant resources entering into these markets. If the injunction once imposed were lifted, Aereo would effectively need to restart that marketing effort and will never regain the goodwill engendered by a new launch. Aereo is a small and young company. It is in the early stage of expanding its service and building its brand, magnifying the harm that would result from terminating service. An injunction would be devastating.

### D. Plaintiffs Will Not Be Harmed by a Stay.

The Supreme Court is likely to conclusively resolve the main issue in this case in June. Waiting for the Supreme Court's ruling before the injunction takes effect will not unduly prejudice Plaintiffs. Although the Court found that speculative non-financial harms provided sufficient basis for Plaintiff's requested injunction, Plaintiffs provided no evidence that those harms were likely to accrue in the next few months. On the contrary, they made clear public statements that seriously undermine their assertions to this Court.

Aereo has been operating in Utah since August 19, 2013. That is the status quo. Plaintiffs did not bring suit until October 2013. The substantive complexity of the legal issues underlying Aereo's arguments on appeal, now pending before the Supreme Court, together with

the balance of hardships, favor granting a stay pending appellate review.

## III.     CONCLUSION

For the foregoing reasons, Aereo respectfully requests that the Court stay its preliminary injunction pending appeal.

Dated:  February 19, 2014                    RESPECTFULLY SUBMITTED,

                                                                By:    */s/ Jess M. Krannich*

                                                                Attorneys for Defendant
                                                                AEREO, INC.

5

## **CERTIFICATE OF SERVICE**

I, Jess M. Krannich, hereby certify that on February 19, 2014, the foregoing document was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

Brent O. Hatch
Shaunda L. McNeill
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
bhatch@hjdlaw.com
smcneill@hjdlaw.com

Richard L. Stone
Julie A. Shepard
Amy M. Gallegos
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
rstone@jenner.com
jshepard@jenner.com
agallegos@jenner.com

*Attorneys for Plaintiffs*
*Community Television of Utah, LLC d/b/a*
*KSTU FOX 13, KUTV Licensee, LLC d/b/a*
*KMYU and KUTV, and Fox Broadcasting*
*Company*

Rodney R. Parker
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: 801.521.9000
Facsimile: 801.363.0400
rrp@scmlaw.com

John C. Ulin
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199
john.ulin@aporter.com

Robert Alan Garrett
Hadrian R. Katz
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone: 202.942.5000
Facsimile: 202.942.5999
robert.garrett@aporter.com
hadrian.katz@aporter.com

*Attorneys for Plaintiff*
*Nexstar Broadcasting, Inc.*

*/s/ Jess M. Krannich*
Jess M. Krannich