# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **COMMUNITY TELEVISION OF UTAH, LLC, ET AL.,** <br><br> Plaintiffs, <br><br> v. <br><br> **AEREO, INC.,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING STAY ON APPEAL AND GRANTING 14-DAY TEMPORARY STAY** <br><br> Case No. 2:13CV910DAK <br><br> **Judge Dale A. Kimball** |
| **NEXSTAR BROADCASTING, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **AEREO, INC.,** <br><br> Defendant. | |

       This matter is before the court on Defendant Aereo, Inc.'s Motion to Stay Entry of Preliminary Injunction Pending Appeal. This court entered a Memorandum Decision and Order Granting Preliminary Injunction and Stay on February 19, 2014. That same day, Aereo filed a Notice of Appeal and its Motion to Stay. The Motion to Stay was opposed on an expedited basis. Having received both parties' positions on the Motion to Stay and understanding the need for an expedited ruling, the court enters the following Memorandum Decision and Order based on the written submissions.

## ANALYSIS

Aereo seeks a stay of this court's entry of a preliminary injunction pending Aereo's appeal to the Tenth Circuit Court of Appeals. Alternatively, Aereo requests that the court stay entry of the injunction for fourteen days to allow the Tenth Circuit sufficient time to rule on an emergency motion to stay. Rule 62© provides that "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that a party must ordinarily first move in the district court to obtain a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1).

The purpose of a stay is to preserve the status quo pending appeal. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). The court considers the following four factors when considering a motion to stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

"With respect to the four stay factors, where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed.'" *F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) (citations omitted). If the defendants "can meet the other requirements for a stay pending appeal, they will be deemed to have satisfied the likelihood of success on appeal element if they show 'questions going to the merits so serious, substantial, difficult and doubtful, as to

make the issues ripe for litigation and deserving of more deliberate investigation.'" *McClendon*, 79 F.3d at 1020 (quoting *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir.), *cert. denied*, 516 U.S. 974, 116 S. Ct. 474, 133 L. Ed. 2d 403 (1995).

### A. Likelihood of Success on the Merits

Aereo asserts that the split in decisions with respect to the copyright infringement issue and the fact that the United States Supreme Court has taken up the issue demonstrates that the central issue in this case is an admittedly difficult legal question. Aereo has not provided any new arguments to support its position that were not previously advanced in opposition to Plaintiffs' motions for preliminary injunction. Obviously, this court believes that its decision is correct. Plaintiffs, not Aereo, have demonstrated a clear likelihood of success on the merits.

In reaching its decision, however, the court was required to consider several similar prior cases that disagree as to the proper outcome. Given the split of decisions on the issue, the court agrees that the issue presents difficult questions that are fair grounds for litigation. Thus, the court concludes that Aereo can meet the grounds for a stay pending appeal if the harm factors weigh in its favor.

### B. Harm Factors

Aereo claims that this court's February 19, 2014 Memorandum Decision and Order found that speculative non-financial harms provided sufficient basis for Plaintiffs' requested injunctions. The court, however, explained that damages that can be compensated by monetary damages are typically not determinative of irreparable harm for purposes of granting a preliminary injunction. Rather, the court looks to intangible harms that are difficult to quantify when it determines whether irreparable harm warrants a preliminary injunction. The court found that Plaintiffs had demonstrated significant intangible harm through Aereo's continued

infringement of Plaintiffs' copyrighted materials. Harms such as loss of goodwill, loss of competitive market position, loss of control over the use and distribution of copyrighted work, and impaired business relationships are not speculative merely because they are classified by the court as intangible. Moreover, these harms are not speculative harms that may accrue at some point in the future. These harms accrue every day and are no less real than more obvious financial harms. Aereo has not met the element requiring it to demonstrate that the stay will not substantially injure the other parties interested in the proceeding.

The court has already weighed and balanced the harms involved in issuing its preliminary injunction. The court's February 19, 2014 Memorandum Decision and Order outlines those harms. Plaintiffs have demonstrated clear and irreparable harm if an injunction is not in place. As discussed in the court's prior ruling, the balance of harms is necessarily tied to the merits of the decision because harm to a copyright infringer is not weighed in the balance of harms. *See General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007).

However, Aereo asserts that if the preliminary injunction is not stayed, its expanding new business will be devastated from terminating service to thousands of new customers. Aereo will be required to continue paying its fixed costs and it will lose the goodwill it has built up with its customers. The court, however, has already decided that Aereo took a calculated risk when it decided to design its business around the *Cablevision* decision and a perceived loophole in the 1976 Copyright Act. Moreover, Aereo's harm is limited to Aereo's operations within the Tenth Circuit. Aereo will not go out of business. The evidence demonstrates that Aereo has operations around the country.

Also, significantly, nothing would prevent Aereo from continuing to operate its service within the Tenth Circuit if it pays licensing fees and obtains consent for its retransmissions in

4

compliance with the Copyright Act. Because Aereo could choose to continue its business operations in the Tenth Circuit, its only harm would be a decreased profit margin if it maintained its current subscription prices and paid the proper licensing fees. For these reasons, the court cannot conclude that the harm to Aereo outweighs the harm to Plaintiffs during pendency of Aereo's appeal, even if Aereo's appeal is expedited.

With respect to where the public interest lies, Aereo mentions only the members of the public who subscribe to its service. Aereo's subscribers are certainly a segment of the public. The court, however, must consider the interests of the public at large. The public at large is best served by proper application of the Copyright Act of 1976. The court also notes that while Aereo argues that the injunction will adversely affect thousands of its customers, it does not suggest the option of paying proper licensing fees and operating with a smaller profit margin as a solution to allaying its customers' harm during the pendency of the appeal. The court concludes that Aereo has not met its burden of establishing the harm factors required for a stay pending appeal.

### C. Temporary Stay

Alternatively, Aereo seeks a 14-day stay to seek an emergency stay from the Tenth Circuit. In its discretion, the court grants Aereo a limited 14-day stay during which it may pursue an emergency motion to stay with the Tenth Circuit. A temporary stay focuses on the status quo, which the parties sharply dispute in this case. Plaintiffs claim the status quo should be prior to Aereo beginning its infringing activities whereas Aereo contends the status quo should be considered its current operations. The court agrees that upon Aereo's entrance into the Utah market, Plaintiffs moved quickly to preserve its rights. But, there is no question that Aereo is presently in business within this Circuit, has been in business for several months, and currently has many customers. While Aereo's paying customers benefit from Aereo's infringement in the

form of lower subscription rates, the court assumes that they are mostly unaware of whether Aereo is abiding by governing copyright laws and paying the appropriate licensing fees to engage in such business. This confusion in the marketplace is part of the intangible harms to Plaintiffs. The court also recognizes that harms are accruing to Plaintiffs every day and enforcement of the copyright laws is a clear public benefit to the public as a whole. The court, however, finds some benefit in allowing Aereo's customers uninterrupted service pending the Tenth Circuit's decision on an emergency motion to stay. Therefore, notwithstanding the many factors weighing against a stay, the court, in its discretion, grants Aereo a temporary 14-day stay.

## CONCLUSION

For the reasons stated above, the court DENIES Aereo's Emergency Motion to Stay Entry of Preliminary Injunction Pending Appeal but GRANTS Aereo a 14-day temporary stay pending the Tenth Circuit's ruling on an emergency motion to stay. Under Rule 8(a)(2) of the Federal Rules of Appellate Procedure, Plaintiff may move for a stay in the court of appeals given this court's denial of the motion.

DATED this 25th day of February, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge